By the Court.
 

 Appellant claims to be entitled to a pension by virtue of Section 23(a) of the Rules and Regulations of the Board of Trustees of the Cleveland Police Relief Fund, which provides: “If any
 
 member of the division of police
 
 shall have died from any cause not directly attributed to an injury or injuries sustained in line of duty, and shall leave a widow (as herein defined) or minor child or children
 
 * * *
 
 such widow or minor child or children shall be placed upon the police relief roll and receive the following amounts monthly * * (Italics ours.)
 

 Nowhere in the petition is it alleged that appellant is the widow of a “member of the division of police.” It affirmatively appears that she is not the widow of such a member, for the petition alleges her deceased spouse was appointed and served as a patrolman until “he was persuaded and induced by coercion and duress, to tender his resignation in the division of police.”
 

 This court at page 427 of the opinion in the former case did not approve the theory of appellant that Roy Ahrens never eeased to be a member of the division of police.
 

 The Court of Appeals did not err in rendering judg
 
 *158
 
 ment on authority of
 
 State, ex rel. Ahrens,
 
 v.
 
 City of Cleveland, supra.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.
 

 Day, J., dissents.